BRIAN R. CHAVEZ-OCHOA, STATE BAR #190289
KATHERINE DOMENICO, STATE BAR #258893
CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013
FAX (209) 772-3090
Email: brianr@chavezochoalaw.com

JAMES M. HENDERSON, STATE BAR #49845
JAMES M. HENDERSON LAW OFFICE
3125 BURGAW HWY
JACKSONVILLE, NORTH CAROLINA 28540
TEL (910) 381-0317
Email: JMHenderson58@gmail.com
(Pro Hac Vice Application Pending)

Attorneys for Plaintiffs,
BEST SUPPLEMENT GUIDE, LLC;
SEAN COVELL, an individual

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEST SUPPLEMENT GUIDE, LLC; SEAN COVELL, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> GAVIN NEWSOM, in his official capacity as the Governor of California; XAVIER BECERRA, in his official capacity as the Attorney General of California; SONIA Y. ANGELL, MD, MPH, in her official capacity as the Director and State Public Health Officer; COUNTY OF SAN JOAQUIN; KATHERINE MILLER, in her official capacity as a member of, and the Chair of, the San Joaquin County Board of Supervisors; TOM PATTI, in his official capacity as a member of, and as Vice Chair of, the San Joaquin County Board of Supervisors; MIGUEL VILLAPUDUA, in his official capacity as a member of the San Joaquin County Board of Supervisors; | Case No.: <br><br> **PLAINTIFFS' COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

CHUCK WINN, in his official capacity as a member of the San Joaquin County Board of Supervisors; BOB ELLIOTT, in his official capacity as a member of the San Joaquin County Board of Supervisors; SHELLIE LIMA, in her official capacity as the San Joaquin County Director of Emergency Services; MAGGIE PARK, MD, in her official capacity as the Public Health Officer of San Joaquin County; PATRICK WITHROW, in his official capacity as the Sheriff of San Joaquin County; CITY OF LODI; DOUG KUEHNE, in his official capacity as a member of the Lodi City Council and Mayor of Lodi; ALAN NAKANISHI, in his official capacity as a member of the Lodi City Council and Mayor Pro Tempore of Lodi; MARK CHANDLER, in his official capacity as a member of the Lodi City Council; JOANNE MOUNCE, in his official capacity as a member of the Lodi City Council; SIERRA VRUCIA, in his official capacity as the Chief of the City of Lodi Police Department, and DOES 1-50, Inclusive,

        Defendants.

NOW COME the above-named plaintiffs, Best Supplement Guide LLC, which transacts business as Fitness Systems, and Sean Covell, by and through their counsel of record, Brian Chavez-Ochoa, as and for claims against the above-named Defendants allege as follows in this Complaint:

## INTRODUCTION

1.      The Governor of the State of California, together with State Public Health Officer, and the San Joaquin County Public Health Officer, have imposed state and county-wide orders (the "Orders") commanding the closure of businesses deemed "nonessential" as part of their effort to counter the spread of COVID-19, the novel coronavirus that appears to have

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

originated from the city Wuhan, Hubei Province, Peoples' Republic of China. These Orders have, with the bludgeoning blow of the butcher, struck at and virtually destroyed civil rights and liberties of the Plaintiffs.

2.  The Plaintiffs bring this action to contest the constitutionality of Defendants' Orders that have curbed, and threaten to continue curbing, Plaintiffs' civil rights and liberties.

3.  Defendants' Orders presently violate Plaintiffs' rights under both the U.S. Constitution and the Constitution of the State of California and threaten to continue to violate Plaintiffs' rights while inflicting economic damage to Plaintiffs.

4.  Plaintiffs bring this action challenging the constitutionality of Defendants' Orders.

5.  Plaintiffs seek that relief made available to them by Title 42 USC 1983, including equitable and injunctive relief to enjoin the enforcement of Defendants' Orders and declaratory relief that that Defendants' Orders violate Plaintiff's federal civil rights under the Constitution and laws of the United States and under the Constitution of the State of California.

6.  In addition, Plaintiffs invoke the supplemental jurisdiction of this Court over their claims arising under the Constitution and laws of the State of California.

7.  The Plaintiffs herein, Best Supplement Guide LLC and Sean Covell, bring this action claiming injuries to their rights guaranteed to them under the First, Fifth, and Fourteenth Amendments, said injuries inflicted on them by the adoption, promulgation, and enforcement of certain Orders, of the Governor, of the State Public Health Officer, and of the County Public Health Officer.

/ / /

/ / /

## JURISDICTION AND VENUE

8.      Herein, the Plaintiffs complain that the Defendants have deprived them, are depriving them, and will continue to deprive them, of federal constitutional rights, including the rights to substantive due process, to procedural due process, to equal protection, to security of their property against a takings without just compensation.

9.      The claims asserted by the Plaintiffs are redressable in a civil action for damages, for injunctive relief, and for declaratory judgment as provided in Title 42 U.S.C. § 1983.

10.     The United States Congress has conferred on this Court federal question jurisdiction over the Plaintiffs' Title 42 U.S.C. § 1983 claims via its enactment of Title 28 U.S.C. §§ 1331 and 1343.

11.     The United States Congress has granted to this Court the authority to award the Plaintiffs their requested declaratory relief under Title 28 U.S.C. § 2201.

12.     The United States Congress has granted to this Court the authority to award the Plaintiffs their requested injunctive relief and damages under Title 28 U.S.C. § 1343(a).

13.     The United States Congress has authorized this Court, because Plaintiffs' Complaint presents an appropriate case in which to do so, the authority to award to Plaintiffs' their costs, including a reasonable attorneys' fee award, under Title 42 U.S.C. § 1988.

14.     The Eastern District of California is the appropriate venue for this action pursuant to Title 28 U.S.C. §§ 1391(b) (1) and (2) because it is the District in which Defendants maintain offices, do substantial official government work, exercise their authority in their official capacities, and it is the District in which substantially all of the events giving rise to the claims occurred.

15.    The Sacramento Division of the United State District Court for the Eastern District of California is the appropriate division of the Court – under Local Rule 120(d) – because the claims set forth herein arise from acts and/or omissions which occurred within the boundaries of the Sacramento division.

16.    Congress has conferred on this Court supplemental jurisdiction over all state claims by its enactment of Title 28 U.S.C. §1367, because Plaintiffs' state law claims arise from the same, common nucleus of operative facts as the Plaintiffs' federal claims such that Plaintiffs would ordinarily be expected to try them all in a single judicial proceeding.

## PARTIES

### *The Plaintiffs*

17.    Plaintiff Best Supplement Guide LLC, which transacts business under the trade name Fitness System ("Fitness System"), is a California domestic limited liability corporation, with corporation registration number 200815710213.

18.    Plaintiff Fitness System was organized in 2008 under California law.

19.    Plaintiff Sean Covell ("Covell") is a citizen of the United States and a resident of the State of California, who resides in Sacramento, California.

20.    Plaintiff Covell organized and registered Fitness System with the State of California and is the director/manager/president of Fitness System.

### *The Defendants*

### The State of California Defendants

21.    Defendant Gavin Newsom ("Newsom") is made a party to this Action in his official capacity as the Governor of California.

COMPLAINT

- 5 -

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

22.     Defendant Xavier Becerra ("Becerra") is made a party to this Action in his official capacity as the Attorney General of California.

23.     Defendant Sonia Y. Angell, MD, MPH ("Dr. Angell") is made a party to this Action in her official capacity as the Director and State Public Health Officer.

24.     Defendants Newsom, Becerra, and Angell are collectively referred to herein as the "State Defendants."

### The County of San Joaquin Defendants

25.     Defendant County of San Joaquin (hereinafter "Defendant County") is, and at all times herein mentioned has been, a general law county organized and existing as a municipal corporation under the laws of the State of California.

26.     Defendant County of San Joaquin manages and operates the public entity known as the San Joaquin Sheriff Department (hereinafter "SJSD").

27.     Defendant County is headed by the Board of Supervisors for San Joaquin County, is and at all times herein mentioned the local government presiding over San Joaquin County with its principal office at 44 North San Joaquin Street, Stockton, CA 95202.

28.     Defendant Shellie Lima ("Lima") is made a party to this Action in her official capacity as the San Joaquin County Director of Emergency Services.

29.     Defendant Maggie Park, MD ("Park") is made a party to this Action in her official capacity as the Public Health Officer of San Joaquin County.

30.     Defendant Patrick Withrow ("Withrow") is made a party to this Action in his official capacity as the Sheriff of San Joaquin County. Under California law, Withrow has the responsibility to enforce the Orders complained of herein within San Joaquin County, including the Orders issued by the Public Health Officer of San Joaquin County.

31.     Defendant Katherine Miller ("Miller") is made a party to this Action in her official capacity as a member of, and the Chair of, the San Joaquin County Board of Supervisors, which exercises broad legislative, executive, and quasi-judicial authority under California law, including the supervision of the county sheriff and public health officials.

32.     Tom Patti ("Patti") is made a party to this Action in his official capacity as a member of, and as Vice Chair of, the San Joaquin County Board of Supervisors, which exercises broad legislative, executive, and quasi-judicial authority under California law, including the supervision of the county sheriff and public health officials.

33.     Miguel Villapudua ("Villapudua") is made a party to this Action in his official capacity as a member of the San Joaquin County Board of Supervisors, which exercises broad legislative, executive, and quasi-judicial authority under California law, including the supervision of the county sheriff and public health officials.

34.     Chuck Winn ("Winn") is made a party to this Action in his official capacity as a member of the San Joaquin County Board of Supervisors, which exercises broad legislative, executive, and quasi-judicial authority under California law, including the supervision of the county sheriff and public health officials.

35.     Bob Elliott ("Elliot") is made a party to this Action in his official capacity as a member of the San Joaquin County Board of Supervisors, which exercises broad legislative, executive, and quasi-judicial authority under California law, including the supervision of the county sheriff and public health officials.

36.     Defendants County, Lima, Park, Withrow, Miller, Patti, Villapudua, Winn, and Elliott are collectively referred to herein as the "County Defendants."

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

1

**City of Lodi Defendants**

2

37.     Defendant City of Lodi ("Defendant City") is a municipal corporation created

3

by, and existing under, the laws of the State of California and constitutes a "public entity" under

4

the laws of the State of California.

5

6

38.     Defendant City is governed by an elected City Council.

7

39.     Defendant Doug Kuehne ("Kuehne") is made a party to this Action in his official

8

capacity as a member of the Lodi City Council and Mayor of Lodi in the State of California.

9

10

40.     Defendant Alan Nakanishi ("Nakanishi) is made a party to this Action in his

11

official capacity as a member of the Lodi City Council and Mayor Pro Tempore of Lodi in the

12

State of California.

13

41.     Defendant Mark Chandler ("Chandler") is made a party to this Action in his

14

official capacity as a member of the Lodi City Council.

15

16

42.     Defendant JoAnne Mounce ("Mounce") is made a party to this Action in his

17

official capacity as a member of the Lodi City Council.

18

43.     Defendant City operates a public entity the City of Lodi Police Department.

19

20

44.     Defendant Sierra Vrucia ("Vrucia") is made a party to this Action in his official

21

capacity as the Chief of the City of Lodi Police Department.

22

45.     Defendants City, Kuehne, Nakanishi, Chandler, Mounce, and Vrucia are

23

collectively referred to herein as the "City Defendants."

24

**FACTUAL ALLEGATIONS**

25

*Fitness Systems and the Role of Personal Trainers in Health and Recovery*

26

46.     Plaintiff Covell has never been diagnosed with the COVID-19 virus.

27

28

COMPLAINT

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

47.     Plaintiff Covell has never been subjected to a quarantine investigation by the Defendants.

48.     The Defendants never had, nor do they now have, any probable cause to suspect or reasonable suspicion to believe that the Plaintiffs are infected with, exposed to, or contaminated with the novel coronavirus, or that the Plaintiffs are under COVID-19 infection, such that the Plaintiffs could spread to or contaminate others if remedial action is not taken.

49.     The Defendants never had, nor do they now have, any probable cause to suspect or reasonable suspicion to believe that the Plaintiffs are a serious and imminent risk to the health and safety of others in not detained for isolation.

50.     Plaintiff Fitness System operates, among other activities, three membership-based gyms, including a location in the City of Lodi, California.

51.     To conduct their business, the Plaintiffs have formulated contracts with individuals and other businesses for the provision of their facilities and services.

52.     Among the goods and services provided by Plaintiff Fitness System through its gyms are personal trainer services.

53.     The personal trainer services provided at the gyms of Plaintiff Fitness System include the designing of exercise programs, the coaching of clients to healthier and more active lifestyles, and prevention of injury by ensuring appropriate exercise technique and safety.

54.     Personal trainers also assist clients in following through with the exercise regimen recommendations of their clients' physical therapists.

55.     Among the personal trainer services offered by Plaintiff Fitness System, several services are directly related to physical therapy, including body composition analysis, cardiovascular output analysis, muscular strength analysis, rehabilitation, mobility work.

56.     Plaintiff Fitness System provides various pieces of equipment and machines identical to those found in the offices of physical therapists, including but not limited to, resistance bands, pylometric boxes, and inversion tables.

57.     Clients of Fitness System rely on the services of the gym and of personal trainers at the gym to comply with doctors' orders for training, rehabilitation, and recovery.

58.     As the summer approaches, clients of Plaintiff Fitness System that suffer from poorer health find that elevated temperatures make it more difficult to safely accomplish their necessary exercise and rehabilitative activities and require the ability to train in a climate controlled environment.

59.     Clients of Plaintiff Fitness System include individuals who have been working hard to reduce obesity (a co-morbidity of COVID-19), to manage or eliminate diabetes (a co-morbidity of COVID-19), to work muscular systems stricken by muscular sclerosis, to recover from severe injuries to shoulders and other muscle systems, and to manage high blood pressure (a co-morbidity of COVID-19).

60.     Plaintiffs never wanted to close their business, currently desire and plan to reopen their business, and, have specifically planned to reopen their business.

### *A Cascade of Declarations and Orders Responding to COVID-19*

61.      In December 2019, a novel coronavirus known as SARS-CoV-2 ("the virus") was first detected in Wuhan, Hubei Province, People's Republic of China, causing outbreaks of the coronavirus disease COVID-19 to spread globally.

62.     On January 31, 2020, Alex Azar, the United States Secretary of Health and Human Services ("HHS") declared a public health emergency under section 319 of the Public Health Service Act (42 U.S.C. 247d), in response to COVID-19.

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

63.     Defendant Newsom issued a State of Emergency order on March 4, 2020 in response to the threat of the spread of COVID-19 throughout California's communities.

64.     On or about March 12, 2020, Defendant Park issued a "Declaration of Local Health Emergency" in light of the developing outbreak of the novel coronavirus disease ("COVID-19").

65.     At the time of Defendant Park's issuance of that "Declaration of a Local Health Emergency," there were three (3) confirmed cases of COVID-19 infection known to Defendant Park and the Defendant County.

66.     On or about March 13, 2020, President Donald J. Trump proclaimed a National State of Emergency as a result of the threat of the emergence of COVID-19 and reported to the United States Congress his declaration.

67.     In a cascading series ham-fisted and ultra vires acts following the Declaration of a National State of Emergency, the Governor of California, the California State Public Health Officer, and the San Joaquin Public Health Officer have stripped Plaintiffs of their right to engage in their lawful trade and occupation, and to operate their lawful business, such prohibitions and acts injuring the federal civil rights of the Plaintiffs, and taking Plaintiffs' business enterprises without providing just compensation therefore, all while destroying the business good will that Plaintiffs had established through their business relations with patrons of their business.

68.     On March 19, 2020, Defendant Newsom issued Executive Order N-33-20 ("Executive Order").

69.     Through his Executive Order, Defendant Newsom mandated that "all individuals living in the State of California" were to "stay home or at their place of residence except as

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

needed to maintain continuity of operations of the federal critical infrastructure sectors at outlined at https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19."

70.     Defendant Newsom's Executive Order took notice of the fact that the federal government had identified "critical infrastructure sectors whose assets, systems, and networks, whether physical or virtual, are considered so vital to the United States that their incapacitation or destruction would have a debilitating effect on security, economic security, public health or safety, or any combination thereof...."

71.     Defendant Newsom ordered "Californians working in these 16 critical infrastructure sectors continue their work because of the importance of these sectors to Californians' health and well-being."

72.     Defendant Newsom declared that "this Order is being issued to protect the public health of Californians" and that "our goal is simple, we want to bend the curve, and disrupt the spread of the virus."

73.     Defendant Newsom directed the Office of Emergency Services to "take all necessary steps to ensure compliance with this Order" and that the "Order shall be enforceable pursuant to California law, including, but not limited to, Government Code section 86654."

74.     On March 20, 2020, Defendants Park, Lima, and the County issued the first in a series of Orders captioned, "Order of the San Joaquin County Public Health Office and Director of Emergency Services of the County of San Joaquin."

75.     The March 20, 2020, Order ("March 20 Order") was repealed and replaced with a subsequent Order dated March 21, 2020 ("March 21 Order").

76.     The March 21 Order was repealed and replaced by an Order dated March 26, 2020 ("March 26 Order").

77.   The March 26 Order was repealed and replaced by an Order dated April 14, 2020 ("April 14 Order").

78.   The April 14 Order was amended by an Order dated April 24, 2020 ("April 24 Order").

79.   In most respects similar or identical to its predecessors, the April 14 Order states that it became effective "at 11:59 pm on April 14, 2020 and will continue to be in effect until it is rescinded in writing by the Health Officer."

80.   The April 14 Order claims to implement Defendant Newsom's Executive Order N-33-20.

81.   Paragraph 3 of the April 14 Order commands "All individuals currently living within the County of San Joaquin … to stay at home or place of residence."

82.   Paragraph 3 of the April 14 Order warns that "[a]ll persons may leave their residences only for Essential Activities …."

83.   Paragraph 5 of the April 14 Order commands "All businesses with a facility or jobsite in the County, except Essential Businesses, … to cease all activities at facilities located with the County except as needed to perform Minimum Basic Operations…."

84.   While allowing "Essential Businesses" to continue operation in order to provide essential goods and services, the April 14 Order also allows "Essential Businesses" to remain "open to the public and stock the portions of their retail storefronts dedicated to non-essential products."

85.   Paragraph 6 of the April 14 Order commands the closure of, among other establishments, gyms.

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

86.     Paragraph 7 of the April 14 Order prohibits all travel "except for Essential Travel" as defined in the Order.

87.     To remove any doubt about the reach of the prohibition on travel, paragraph 7 of the April 14 Order prohibits all travel into or out of San Joaquin County except "to perform Essential Activities."

88.     Paragraph 15 of the April 14 Order requests that the Defendant Withrow, the Sheriff of San Joaquin County, and Defendant Vrucia, as Chief of the City of Lodi Police Department, "ensure compliance with and enforce this Order."

89.     On or about April 11, 2020, Defendant Park and Defendant County issued an additional guidance on the subject of the use of face coverings in public, in light of the Centers for Disease Control's ("CDC") recommendation that such coverings or masks be used in public when social distancing measures are difficult to maintain.

90.     Within the April 11, 2020, guidance, Defendant Park and Defendant County warned residents of San Joaquin County, "San Joaquin County residents remain under a Stay at Home Order and people should NOT feel that they can go outside more because they are wearing a face covering."

91.     Also on April 14, 2020, Defendants Park, Lima, and the County issued a 10-page document entitled, "Questions about San Joaquin County Public Health Officer and Director of Emergency Services Order Directing Individuals to Stay at Home due to Covid-19 ("April 14 Q&A").

92.     The April 14 Q&A reiterates that the April 14 Order will remain in effect "until it is rescinded in writing by the Health Officer[,]" that San Joaquin residents are commanded to stay at home except as permitted under the April 14 Order, that the April 14 Order "is

mandatory," that the April 14 Order "is a legal Order issued under the authority of California law," that "you are required to comply," and that "[v]iolation of or failure to comply with this Order is a misdemeanor punishable by fine, imprisonment, or both."

93.     The April 14 Q&A also provides guidance on how residents of San Joaquin County may file complaints and reports against individuals and businesses suspected of disregarding the April 14 Order.

94.     The April 24 Order, which amended in certain respects, the April 14 Order, continues the forced closure of gyms.

### *The Taking: Plaintiff Fitness System Compelled to Close*

95.     As a consequence of the Orders complained of herein, Plaintiff Fitness System has been compelled, against its right and desire to remain in operation, to close its facilities to its members.

96.     Although the financial harm continues to mount with each additional day of compulsory closure, the Plaintiffs estimate that the current losses of business amount to approximately Eight Hundred Fifty Thousand Dollars ($850,000.00).

97.     As a direct and proximate result of the Orders complained of herein, and the threats and enforcement of those Orders, Fitness System and Covell have suffered the loss of the business goodwill that they have engendered through the years of their operation of their business prior to the promulgation of the Orders.

98.     As a direct and proximate result of the Orders complained of herein, and the threats and enforcement of those Orders, Fitness System and Covell have suffered the loss of the business goodwill that they have engendered through the years of their operation of their liberty interest in pursuing their occupations.

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

99.     Because the Orders have affected a regulatory taking of the Plaintiffs' business and property, leaving the Plaintiff with no economically viable use of its business properties, the Plaintiffs retained the services of counsel to obtain relief from the burden of the Orders.

*Counsel Correspond:  Enforcement Threats Confirmed*

100.     In late April, 2020, the Plaintiffs announced on their company website their intention to reopen their facilities on May 1, 2020, while reaffirming their commitment to do so in full compliance with the CDC's guidance on social distancing, the use of coverings for the mouth and nose, and frequent sanitation of the machines, equipment, and facilities of their business.

101.     In addition, Plaintiff Covell discussed the Plaintiffs' planned reopening in media interviews.

102.     On information and belief, the Defendant County learned of the plan to reopen.

103.     On April 30, 2020, the Defendant City directed three City of Lodi Police Department officers to the Plaintiffs' Lodi location.

104.     The police officers brought with them and delivered to the Plaintiffs' employees a letter from county counsel.

105.     The police officers told the Plaintiffs' employees they were there to "educate" them.

106.     The police officers further told those employees that, if the Plaintiffs opened the Plaintiffs' Lodi facility, the consequences would include that on the first day Plaintiff Covell would be fined and that if the facility opened a the second day, Plaintiff Covell would be arrested.

107.    The letter delivered by the police officers was prepared by Defendant County's Counsel, J. Mark Myles.

108.    J. Mark Myles, County Counsel, in his letter, advised that reopening of the Plaintiffs' facilities would be "a violation of the County Public Health Officer's order of April 14, 2020."

109.    In his letter, County Counsel further warned, "Any person who refuses or willfully neglects to comply with this emergency order is guilty of a misdemeanor, punishable by fine and/or imprisonment."

110.    Finally, in his letter, County Counsel warned that "there are civil and administrative penalties that can be imposed upon you as a result of continued operation" and that "The County of San Joaquin is prepared to pursue all available civil and criminal sanctions should you open your facility to the public."

111.    At the bottom of the County Counsel's April 30 letter, there appears a notation indicating that a copy of the letter was also provided to the City Attorney for the City of Lodi.

112.    In effect, and on belief, in fact, County Counsel's letter constituted a final decision of the Defendants on the application of the Orders complained of herein, thereby satisfying any asserted requirement of finality as a challenge to the ripeness of this dispute for judicial determination.

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT

- 17 -

***A Seemingly Unending Train of Abuses and Usurpations in the Guise of Public Health Orders Is Destroying Plaintiffs' Business, Visiting Wreck and Ruin on the Plaintiffs' Federal Constitutional and Civil Rights***

113.    Defendants' Orders complained of herein have caused catastrophic damage to the business and interests of the Plaintiffs by the means of the compulsory closure of the Plaintiffs' facility on the basis that certain government officials have decided that Plaintiffs' business is "Non-Essential."

114.    The strong-arm and forced closure of the Plaintiffs' facilities has disastrously impacted the Plaintiffs' financial obligations.

115.    The strong-arm and forced closure of the Plaintiffs' facilities has deprived the Plaintiffs of all economically feasible uses of their property.

116.    Prior to the issuance of the Orders complained of herein, the Plaintiffs' had approximately 5900 active accounts covering all three of the Plaintiffs' gym locations.

117.    Although the accounts numbered approximately 5900, some of those accounts actually represent more than a single client using the Plaintiffs' gym facilities.

118.    Although the Plaintiffs have been compelled to close their gym, they have retained their employees, putting them to various tasks, including painting, sterilizing equipment, teaching online classes without charge via the Zoom teleconferencing application.

119.    Although the Plaintiffs have been compelled to close their gym, the Orders complained of herein, as understood by them, have permitted them to continue to conduct the sale of supplements curbside, as supplement sales has been deemed essential by the state, such sales have, however, been virtually nonexistent because, on belief, individuals who would otherwise purchase supplements are fearful of police harassment if they visit the locations.

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

120.    Although the Plaintiffs have been compelled to close their gym, necessary maintenance services have still been required to be performed to maintain the gym's physical plant and facilities including pest control, HVAC services, and related physical plant maintenance and repair.

121.    Because the Plaintiffs have been compelled to close their gym, clients have not been billed or charged since mid-March 2020 and the Plaintiffs' gym has not produced any income.

122.    Consequent to the compelled closure of the Plaintiffs' facilities, they have been contacted by members seeking to cancel their memberships including approximately 75 email requests for membership cancellation since mid-March 2020.

123.    Neither the State of California nor the Defendant County nor the Defendant City has fulfilled their constitutional obligation to provide the Plaintiffs with any compensation, not to mention just compensation, for the regulatory deprivation of their property.

124.    "Essential" businesses continue to operate during the period of the April 14 Order and its predecessors.

125.    Plaintiffs' "Non-Essential" business is being destroyed by government overreach in the form of unconstitutional orders promulgated and enforced by Defendants.

126.    Plaintiffs complain against Defendants, and each of them, that they, the Defendants, have violated the Plaintiffs' federal civil rights by promulgation the Orders set forth hereinabove, together with the threat to enforce those Orders, and with the enforcement of Orders, including Executive Order N-33-20, Defendant Angell's "Essential Critical Infrastructure Workers" guidance, and the April 14 Order (and its predecessors) issued by Defendants Park, Lima, and County.

127.    Plaintiffs' business was not identified as part of the "critical infrastructure sectors" described above, were deemed "Non-Essential" businesses.

128.    Because the Plaintiffs' business was "Non-Essential," Plaintiffs were compelled, under threat of citation, prosecution, fine, imprisonment, and loss of business licensing, to shut down their gym business.

129.    The Plaintiffs have set out hereinabove good and sufficient grounds to demonstrate that they are aggrieved in fact by the complained of Orders conferring on them necessary standing to bring their complaint before this Court.

130.    Defendants' Orders and the threat and enforcement of them inflict substantial violations of the Plaintiffs' rights protected by Title 42 U.S.C. Section 1983, as is the enforcement of these Orders by Defendants, which should be enjoined as provided by Title 42 USC 1983.

131.    Moreover, as set out more fully below, the Orders complained of herein constitute and affect a regulatory "partial" or "complete" taking, which, in the absence of just compensation, violates the Takings Clause of the Fifth Amendment of the U.S. Constitution.

132.    The Orders complained of herein are not "narrowly tailored" to further any compelling governmental interest.

133.    The absence of narrow tailoring is evidenced by the Swiss cheese of exceptions throughout the Orders.

134.    The acts alleged herein were the product of a policy or custom of the Defendants, which policy or custom caused the constitutional violation alleged herein.

135.    The acts alleged herein were taken by the Defendants, and each of them, under color of state law.

136.    The acts alleged herein taken by the Defendants, and each of them, has deprived the Plaintiffs of all valuable use of their property.

137.    The Executive Order applies to person present in California no matter their circumstances, exhibiting no tailoring whatever.

138.    The Executive Order commands that no citizen, except for reasons approved by Defendants Newsom and Angell can freely move about anywhere in the entire United States of America.

139.    In the absence of judicial relief, in the forms of a temporary restraining order, a preliminary injunction and a permanent injunction, the Plaintiffs will continue to suffer irreparable harm for which they are left without an adequate remedy at law, in that they are subject to criminal prosecution, and upon conviction, fines and/or imprisonment, as well as the threatened loss of their licenses to conduct business.

140.    The Plaintiffs herein expressly acknowledge that the State Defendants are not answerable in damages for the harms they have inflicted on the Plaintiffs and the Plaintiffs expressly repudiate any assertion that they seek any relief against the State Defendants except equitable relief in the nature of a forward-looking temporary restraining order and preliminary and permanent injunctions.

## COUNT ONE

### FIRST AND FOURTEENTH AMENDMENTS
**(By Plaintiffs against All Defendants)**

141.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

142.    In Count I, Plaintiffs seek damages based on Defendant's violation of their rights under the First and Fourteenth Amendments, including the right to freedom of speech and freedom of assembly and freedom of expressive association.

143.    Fitness System and Covell have engaged in an enterprise of helping others pursue goals in health, fitness, and modification of lifestyle.

144.    To accomplish the common goals of the Plaintiffs and their clients, Fitness System and Covell conduct a broad variety of activities that fully embody the exercise of the constitutionally dimensioned rights to freedom of speech, freedom of assembly, and freedom of expressive association.

145.    The rights of the Plaintiffs at stake herein are supremely precious and delicate and require breathing space to survive.

146.    Those activities include individual interactions between personal trainers and clients, between class instructors and their students, and the like.

147.    Up until the effective dates of the Executive Order and the April 14 Order, Fitness System, Covell, their employees, the gym's personal trainers, and clients of the gym regularly engaged in the exchange of ideas and information in the areas of health, exercise, diet, and related matters.

148.    Upon the effective date of the Executive Order and the April 14 Order, all such exercises of the rights to freedom of speech, of assembly, and of expressive association were brutally and completely crushed as a result of the purpose and effects of the Orders complained of herein.

149.    The prohibition of speech, assembly, and expressive association worked by the Orders complained of herein is complete.

150.     Because a complete prohibition on expression, assembly, and expressive association is subject to strict scrutiny under the federal Constitution, the Defendants' Order can only survive scrutiny if they are in service of a compelling government interest and are served by means narrowly drawn to serve the purpose thereof.

151.     While the prevention and control of a public health pandemic may, generally, be categorized, without more, as a compelling government interest, the Defendants have not relied on such an overarching interest as compelled them to conclude that all concourse among the residents of California present risks of harm to that interest or that all engagement, including commercial engagement, must be suppressed in service of the asserted interest.

152.     Rather, the Defendants have concluded that many activities in daily life are entirely permissible even while demanding and forcing the closure of the Plaintiffs' gym, including commuting to and from places of employment, working at places of employment, traveling to and from grocery stores, hardware stores, pharmacies, and other excepted commercial businesses.

153.     The multitude of exemptions and exceptions within the classifications of essential and non-essential activities and businesses demonstrates that the assertedly compelling government interest is not at stake in the promulgation or enforcement of the Orders complained of herein.

154.     Further, the means selected by the Defendants, the complete prohibition of the Plaintiffs' operation of its gym facilities with its attendant complete prohibition of the constitutionally protected expressive activities conducted thereat, the suppression of the right to travel, and the like are not narrowly tailored to any lawful and legitimate purpose of the Defendants. The Plaintiffs have no adequate remedy at law.

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

155.    The Plaintiffs have already suffered serious and irreparable injury and will continue to do so unless and until the Defendants are enjoined by this Court from enforcing the Orders complained of herein.

156.    The Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders by the Defendants.

157.    Accordingly, as provided in Title 42 USC 1983, the Plaintiffs are entitled to a declaratory judgment, an injunction, and, from the County and County Defendants and the City and City Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT TWO

### TAKINGS CLAUSE OF THE FIFTH AMENDMENT
### (By Plaintiffs against All Defendants except Defendants Newsom, Becerra, and Angell)

158.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

159.    In Count II, Plaintiffs seek damages based on Defendant's violation of their rights under the Takings Clause of the Fifth Amendment to the United States Constitution.

160.    The Fifth Amendment prohibits the taking of private property without just compensation.

161.    The Fifth Amendment is applicable to the States through the Fourteenth Amendment to the United States Constitution.

162.    At all times relevant hereto, the Plaintiffs had a vested property right in the operation of their lawful business.

COMPLAINT

- 24 -

163.    In purpose and effect, the Orders complained of hereinabove have accomplished a per se regulatory taking of the property of the Plaintiffs for which the Constitution commands that the Plaintiffs should have been justly compensated.

164.    Consequent to the decision of the Supreme Court in Knick vs. Township of Scott, the Plaintiffs are not required to exhaust California state remedies for the taking.

165.    At no time were the Plaintiffs provided with just compensation for the Taking of their property via regulatory taking.

166.    Defendants' Orders compelled the closure of the Plaintiffs' gym facilities because Plaintiffs were "Non-Essential" businesses, and as such were required to "shut down" and cease all operations as a means to help curb the spread of COVID-19.

167.    The Defendants' Orders completely deprived the Plaintiffs of all economically beneficial use of their businesses without just compensation.

168.    Accordingly, as provided in Title 42 USC 1983, the Plaintiffs are entitled to a declaratory judgment and damages, from the County and County Defendants and the City and City Defendants,, all as further prayed in their Prayer for Relief.

## COUNT THREE

**THE DUE PROCESS AND PRIVILEGES AND IMMUNITIES CLAUSES OF THE FOURTEENTH AMENDMENT**
**(By Plaintiffs against All Defendants)**

169.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

170.    The Plaintiffs are guaranteed the right to travel as part of the liberties of which they cannot be deprived without the due process of law under the Fourteenth Amendment.

171.    The Plaintiffs' right to travel includes the right to travel intrastate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

172.    The Plaintiffs' right to travel is fundamental in nature under the Constitution of the United States.

173.    The Plaintiffs have been stripped of their right to travel by operation of the Executive Order and by the April 14 Order (and its predecessors), without regard to the fact that their right to travel is a constitutionally protected dimension of their right to engage in their lawful occupation and trade.

174.    Whatever abuse of the right to travel that the Defendants fear may be inflicted by individuals who respond to the COVID-19 pandemic, the correct and constitutional response readily available to the Defendants is to employ the force of government to remedy abuses of the right, not to prohibit broadly and indiscriminately the enjoyment of the right by the Plaintiffs or the public at large.

175.    The Orders complained of herein, injurious as they are to the fundamental right to travel, are not in service of a compelling government interest and are not narrowly tailored and are capable of being preserved through less restrictive means, including, but not limited to, punishing the abuse of the right.

176.    The Executive Order and the April 14 Order (and its predecessors) mandate that Plaintiffs stay at home and shut down their "Non-Essential" businesses.

177.    Requiring Plaintiffs to abstain from conducting business operations, even those in compliance with the CDC's social distancing guidelines, violates Plaintiffs' Constitutional right to travel.

178.    The Executive Order, the April 14 Order (and its predecessors), and the threats and enforcement of them constitute acts taken under color of State law depriving Plaintiffs of their right to travel as protected by the Due Process Clause.

179.    The Plaintiffs have no adequate remedy at law.

180.    The Plaintiffs have already suffered serious and irreparable injury and will continue to do so unless and until the Defendants are enjoined by this Court from enforcing the Orders complained of herein.

181.    The Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Orders by the Defendants.

182.    Accordingly, as provided in Title 42 USC 1983, the Plaintiffs are entitled to a declaratory judgment, an injunction, and, from the County and County Defendants and the City and City Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT FOUR

### DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
### (By Plaintiffs against All Defendants)

183.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

184.    Section one of the Fourteenth Amendment to the United States Constitution states, in pertinent part as follows:

185.    "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law."

186.    Under its procedural aspect, the Due Process Clause of the Fourteenth Amendment prohibits the States from depriving a person of life, liberty, or property except if accomplished with appropriate procedural safeguards.

187.   Under its substantive aspect, the Due Process Clause of the Fourteenth Amendment prohibits the States from subjecting any person to the arbitrary exercise of the powers of government, unrestrained by the established principles of private rights and distributive justice.

188.   By summarily confining plaintiff and class members to their respective residences, without due process of law, Governor Gavin Newsom and Doe defendants, have, as a matter of law, injured Plaintiffs, in violation of their rights, to be free of confinement, without legal due process, pursuant to Section One of the Fourteenth Amendment to the United States Constitution.

189.   The Executive Order and the April 14 Order (and its predecessors) are unconstitutionally vague, as to scope and duration, and appears to permit residents to be released from residential confinement only for the purpose of obtaining food, medication and/or healthcare without objectively specifying the extent a resident may be released from residential confinement.

190.   The Orders herein complained of – effectively sentencing Californians, including Plaintiff Covell – to residential confinement is open-ended and entirely subjective, and based upon the subjective whims of the Defendants.

191.   Plaintiffs have a fundamental property interest in conducting lawful business activities that are protected by the Due Process Clause of the Fourteenth Amendment.

192.   Pursuant to the Fourteenth Amendment to the United States Constitution, the Plaintiffs are entitled to substantive due process prior to being deprived of any property interest by the Defendants.

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

193.    At all relevant times, the Plaintiffs had vested property interests in their conduct and operation of their business.

194.    At all relevant times, the Plaintiffs had vested property interests in their business goodwill.

195.    At all relevant times, the Plaintiffs had vested property interests in the conduct of their lawful occupation.

196.    Here, without due process, Defendants arbitrarily and unlawfully stripped the Plaintiffs of their property interest in their business.

197.    The Executive Order, the April 14 Order, and Defendants' threats and enforcement thereof all violate Plaintiffs' substantive due process rights secured by the Fourteenth Amendment to the U.S. Constitution.

198.    Prior to taking final action, Defendants Newsom, Angell, County, City, Lima, Park, Withrow, and Vrucia willfully failed and refused to conduct any evidentiary or other due process hearing, failed to provide documentation upon which the changes in to the vested property rights of the Plaintiffs were based, failed to give any explanation as to the purported just cause for removing Plaintiffs' property rights, did not allow Plaintiffs to call sworn witnesses to testify on their behalf, and in fact did not provide any justification whatsoever for stripping the Plaintiffs of their vested property rights.

199.    The Defendants are directly restrained and prohibited by the Due Process Clause of the Fourteenth Amendment from depriving the Plaintiffs of life, liberty, or property, without due process of law.

200.    The fundamental liberties protected by the Due Process Clause of the Fourteenth Amendment virtually mirror those right protected from federal intrusion by the various

provisions of the Bill of Rights, including the right of the Plaintiffs to make choices that are central to individual dignity and autonomy.

201.    The Executive Order, the April 14 Order (and its predecessors), and the threats and enforcement of them by the Defendants did not afford Plaintiffs with a constitutionally adequate process to determine whether and to what extent, under the Constitution of the United States, those Orders could permissibly restrict and prohibit the Plaintiffs' in the conduct of their business.

202.    In the promulgation of the Executive Order and the April 14 Order (and its predecessors), Defendants disregarded and trammeled on the procedural and substantive requirements of the Due Process Clause.

203.    The Executive Order and the April 14 Order violate the Due Process rights of the Plaintiffs because those Orders are void for unconstitutional vagueness.

204.    The Defendants' Orders and the Defendants' threats and enforcement of those Orders are the direct and proximate cause of the substantial deprivation of liberty and property worked by the Defendants on the rights and interests of the Plaintiffs.

205.    The Defendants acts complained of herein directly and proximately deprived the Plaintiffs' of their property and liberty rights without due process of law, in violation of the Fourteenth Amendment to the U.S. Constitution.

206.    The Plaintiffs have no adequate remedy at law.

207.    The Plaintiffs have suffered, and will continue to suffer serious and irreparable harm to their constitutional rights unless the Defendants are enjoined from implementing and enforcing the Orders.

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

208.    Accordingly, as provided in Title 42 USC 1983, the Plaintiffs are entitled to a declaratory judgment, an injunction, and, from the County and County Defendants and the City and City Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT FIVE

### EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT
### (By Plaintiffs against All Defendants)

209.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

210.    The Executive Order, the April 14 Order (and its predecessors), and Defendants' threats and enforcement thereof deny to the Plaintiffs the equal protection of the laws.

211.    The Defendants' division of businesses and activities of the citizens of the State of California between those deemed to be "essential" and those deemed to be "non-essential" is an irrational classification that injures the fundamental rights of the Plaintiffs to travel, to freely associate with others, and to conduct their lawful trade or occupation.

212.    The Defendants' division of businesses and activities of the citizens of the State of California between those deemed to be "essential" and those deemed to be "non-essential" constitutes arbitrary and capricious government action that has irreparably harmed the Plaintiffs.

213.    Because the Defendants' Orders and acts complained of herein impinge on fundamental rights, including the right to travel, the right to due process of law, and the liberty to conduct one's trade, business, or occupation, those Orders and acts are subject to strict scrutiny under the Equal Protection Clause.

COMPLAINT

- 31 -

214.    The arbitrary classifications established in the Executive Order and the April 14 Order (and its predecessors) are not narrowly tailored measures that further compelling government interests, as stated hereinabove.

215.    The Plaintiffs have no adequate remedy at law.

216.    The Plaintiffs have already suffered serious and irreparable harm to their constitutional rights.

217.    The Plaintiffs will continue to suffer serious and irreparable harm unless the Defendants are enjoined from implementing and enforcing the Orders complained of herein.

218.    Accordingly, as provided in Title 42 USC 1983, the Plaintiffs are entitled to a declaratory judgment, an injunction, and, from the County and County Defendants and the City and City Defendants, damages, all as further prayed in their Prayer for Relief.

<u>**COUNT SIX**</u>

**CONTRACTS CLAUSE OF THE UNITED STATES CONSTITUTION**
**(By Plaintiffs against All Defendants)**

219.    Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

220.    Article I, Section 10, Clause 1 of the United States Constitution states, "No State shall … pass any … Law impairing the Obligation of Contracts …."

221.    The Plaintiffs were, at the time of the promulgation of the Executive Order and the April 14 Order (and its predecessors), parties to contracts with its clients for the provision of their services and the use of their facilities by their clients.

222.    The contracts to which the Plaintiffs were parties with their clients were lawful, freely negotiated, willingly entered by the parties to them, and executed with the expectation of

ongoing exchanges of benefits between the parties, an expectation both reasonable and legitimate at the time of the making of those nearly 6000 contracts.

223.    The Executive Order and the April 14 Order (and its predecessors) have ordered and accomplished the complete closure of the Plaintiffs' gym facilities.

224.    The object and purpose of the contracts between the Plaintiffs and their clients was to provide access to the facilities of the gym and the support and services made available therein.

225.    Under legal coercion, the Plaintiffs have been utterly barred from satisfying the terms and obligations established under its contracts with its clients as a direct and proximate result of the Executive Order and the April 14 Order (and its predecessors).

226.    Consequently, the impairment of the Plaintiffs' contractual relationships with their clients is certainly substantial because it has worked, virtually, a complete cancellation of those contracts, as the Plaintiffs may not, under the Orders complained of herein, open their gym facilities for use by their contractual clients.

227.    Unlike utilities services, alcohol sales, or firearms sales, or pawn shops, the enterprise of the Plaintiffs, the operation of gym facilities for the use and benefits of its clients, is not now, and never has been, a business or industry subject to close regulation by the State of California, the County of San Joaquin, or the City of Lodi.

228.    The requirement of the business license to conduct the business of a gym facility does not constitute heavy or close government regulation.

229.    There is no significant and legitimate public purpose behind the Orders complained of herein because there is no rational relationship between those Orders and any reasonable and legitimate interest of the government.

COMPLAINT

- 33 -

230.    The Executive Order and the April 14 Order do not satisfy the requirement that the adjustment of the rights and responsibilities of contracting parties is based on reasonable conditions.

231.    The Executive Order and the April 14 Order are not of a character appropriate to the public purpose justifying the promulgation and enforcement of the Orders complained of herein.

232.    The Plaintiffs have no adequate remedy at law to the Contract Clause violation inflicted on them by the Defendants.

233.    The Plaintiffs have already suffered serious and irreparable harm to their constitutional right to contract free from impairment.

234.    The Plaintiffs will continue to suffer serious and irreparable harm unless the Defendants are enjoined from implementing and enforcing the Orders complained of herein.

235.    Accordingly, as provided in Title 42 USC 1983, the Plaintiffs are entitled to a declaratory judgment, an injunction, and, from the County and County Defendants and the City and City Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT SEVEN

### LIBERTY CLAUSE OF THE CALIFORNIA CONSTITUTION
### (By Plaintiffs against All Defendants)

236.    Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

237.    The United States Congress has granted to this Court the authority, in its discretion, to hear and decide those claims of the Plaintiffs arising under the law of the State of California that are substantially related to the claims arising under federal law.

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

238.    The California Constitution guarantees to the Plaintiffs the right to liberty, the right to acquire, possess, and protect property, and the right to pursue and obtain safety, happiness, and privacy.

239.    The Executive Order and the April 14 Order (and its predecessors) have interfered with Plaintiffs' rights and liberties as set forth under Article 1, Sections 1 of the California Constitution, depriving the Plaintiffs of the use, enjoyment and ability to operate their business as a consequence of being discriminatorily classified as a "Non-Essential" business.

240.    The Executive Order and the April 14 Order (and its predecessors) are the proximate and legal cause of the injury to, and denial of, the Plaintiffs right to liberty under the California Constitution.

241.    The Orders complained of herein are not a legitimate exercise of the police public health and safety power to quarantine the Plaintiffs because there is no reasonable ground on which the Defendants can claim to believe that the Plaintiffs are infected by an infectious disease.

242.    In promulgating the Orders complained of herein, and in threatening to, and enforcing those Orders, neither Defendant Angell, nor Defendant Park, nor Defendant Lima have satisfied the California Constitution's requirement that there is probable cause to believe the Plaintiffs have an infectious disease.

243.    The Orders complained of herein are arbitrary, unreasonable, unwarranted, and wrongful, and constitute oppressive interference with the personal liberty of the Plaintiffs in the absence of any basis therefore.

244.     The California Constitution's right to liberty prohibits the imposition of quarantine on these Plaintiffs because there is not even a mere suspicion that the Plaintiffs are infected with COVID-19, or are asymptomatic carriers of the novel coronavirus responsible for the COVID-19 disease.

245.     The Executive Order and the April 14 Order (and its predecessors) completely prohibit the Plaintiffs from conducting lawful business in the State of California even though other measures, including the social distancing protocols established by the CDC, satisfy the public health interests at stake.

246.     Consequently, the Orders complained of herein violate the Plaintiffs' right to liberty under the California Constitution.

247.     The Plaintiffs have no adequate remedy at law for this deprivation of the right to liberty under the California Constitution.

248.     The Plaintiffs will suffer serious and irreparable harm to their constitutional right to liberty under the California Constitution unless Defendants are enjoined from implementing and enforcing the Orders.

249.     California Code of Civil Procedure Section 1021.5 authorizes the award of attorneys' fees to the Plaintiffs in this case under the terms of that provision of law.

250.     Accordingly, as provided in Title 42 USC 1983, the Plaintiffs are entitled to a declaratory judgment, an injunction, and, from the County and County Defendants and the City and City Defendants, damages, all as further prayed in their Prayer for Relief.

/ / /

/ / /

/ / /

## COUNT EIGHT

### EQUAL PROTECTION CLAUSE THE CALIFORNIA CONSTITUTION
### (By Plaintiffs against All Defendants)

251.    Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

252.    Article 1, Section 7 of the California Constitution prohibits the State of California from denying to any person the equal protection of the laws.

253.    The California constitutional guarantee of equal protection is substantially equivalent to the Fourteenth Amendment's guarantee of equal protection such that claims under the California Equal Protection Clause are subject to virtually the same analysis as federal Equal Protection Clause claims.

254.    The Executive Order, the April 14 Order (and its predecessors), and Defendants' threats and enforcement thereof deny to the Plaintiffs the equal protection of the laws guaranteed to them under the Equal Protection Clause of the California Constitution.

255.    The Defendants' division of businesses and activities of the citizens of the State of California between those deemed to be "essential" and those deemed to be "non-essential" is an irrational classification that injures the fundamental rights of the Plaintiffs to travel, to freely associate with others, and to conduct their lawful trade or occupation.

256.    The Defendants' division of businesses and activities of the citizens of the State of California between those deemed to be "essential" and those deemed to be "non-essential" constitutes arbitrary and capricious government action that has irreparably harmed the Plaintiffs.

257.    Because the Defendants' Orders and acts complained of herein impinge on fundamental rights, including the right to travel, the right to due process of law, and the liberty

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

to conduct one's trade, business, or occupation, those Orders and acts are subject to strict scrutiny under the Equal Protection Clause of the California Constitution.

258.    The arbitrary classifications established in the Executive Order and the April 14 Order (and its predecessors) are not narrowly tailored measures that further compelling government interests, as stated hereinabove.

259.    The Plaintiffs have no adequate remedy at law.

260.    The Plaintiffs have already suffered serious and irreparable harm to their constitutional rights.

261.    The Plaintiffs will continue to suffer serious and irreparable harm unless the Defendants are enjoined from implementing and enforcing the Orders complained of herein.

262.    Accordingly, the Plaintiffs are entitled to a declaratory judgment, an injunction, and, from the County and County Defendants and the City and City Defendants, damages, all as further prayed in their Prayer for Relief.

## COUNT NINE

### THE TAKINGS CLAUSE OF THE CALIFORNIA CONSTITUTION
### (By Plaintiffs against All Defendants)

263.    Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

264.    The California Constitution, Article 1, Section 19, authorizes the taking of private property for public use only upon payment of just compensation.

265.    The Executive Order and the April 14 Order (and its predecessors) compel the Plaintiffs to forego entirely their lawful business gym business in the State of California,

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

destroying the Plaintiffs' legitimate expectations of return on investment and leaving no economically viable use of their property to them.

266.    The Defendants have not provided just compensation to the Plaintiffs, nor have the Defendants taken any step preliminary to or suggestive of any intention to justly compensate the Plaintiffs for the taking inflicted upon them.

267.    Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from implementing and enforcing the Orders.

268.    Accordingly, the Plaintiffs are entitled to a declaratory judgment that the Orders complained of herein constitute a taking under the California Constitution, together with an award of just compensation therefor, all as further prayed in their Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that this Court:

269.         a. Declare that the Executive Order is null and void, of no effect;

270.         b. Declare that Defendant Angell's March 22, 2020 list of "Essential Critical Infrastructure Workers" following the Executive Order is null and void, of no effect;

271.         c. Declare that the April 14 Order is null and void, of no effect;

272.         d. Grant a TRO and a preliminary injunction to prevent the Defendants from enforcing or implementing their Orders until this Court decides the merits of this lawsuit.

273.         e. Permanently enjoin the Defendants, and each of them, and all persons and entities in active concert or participation with Defendants, including the Defendant County Sheriffs, from enforcing the Orders.

274.          f. Award to the Plaintiffs compensatory damages for the injury to their federal civil and constitutional rights, as well as fix a just compensation for the taking of the Plaintiffs' property, all as authorized by Title 42 USC 1983;

275.          g. Award to the Plaintiffs compensatory damages for the injury to their California constitutional and civil rights as authorized under state law;

276.          h. Award to the Plaintiffs the reasonable value of the loss of their businesses commandeered from them by virtue of Defendant Newsom's Executive Order, as authorized under Cal. Gov. Code § 8572.

277.          i. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

278.          j. Grant all other such relief as the Court may deem just and proper.

## JURY DEMAND

279.          For all causes herein so triable, the Plaintiffs demand trial by jury.


Dated: May 12, 2020          CHAVEZ-OCHOA LAW OFFICES, INC.



                             By  /s/ Brian R. Chavez-Ochoa
                             BRIAN CHAVEZ-OCHOA
                             Attorney for Plaintiffs, BEST SUPPLEMENT GUIDE,
                             LLC; SEAN COVELL, an individual

                             By  /s/ Katherine Domenico (as authorized on 5/12/20)
                             KATHERINE V. DOMENICO
                             Attorney for Plaintiffs, BEST SUPPLEMENT GUIDE,
                             LLC; SEAN COVELL, an individual

## <u>VERIFICATION</u>

I, Sean Covell, the Chief Executive Officer of the Best Supplement Guide, LLC, declare as follows:

1.     Best Supplement Guide, LLC, is a party to this action. I am the Chief Executive Officer and am duly authorized to act on its behalf.

2.     I have read the foregoing Verified Complaint and know of the contents thereof.

3.     The same is true of my own knowledge, except as those matters that therein are stated on information as to information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____May 12, 2020_____, at _____Sacramento_____, California

_____
Best Supplement Guide, LLC
By: Sean Covell
Its: Chief Executive Officer

Filed by Fax / Electronically
*Faxed / .PDF Signatures*

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013

<u>**VERIFICATION**</u>

I, Sean Covell, having read the foregoing Verified Complaint, declare as follows:

1.     I am a party to this action.

2.     I have read the foregoing Verified Complaint and know of the contents thereof.

3.     The same is true of my own knowledge, except as those matters that therein are stated on information as to information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on   May 12, 2020  , at   Sacramento  , California

_____
Sean Covell

<u>Filed by Fax / Electronically</u>
*Faxed /.PDF Signatures*

CHAVEZ-OCHOA LAW OFFICES, INC.
4 JEAN STREET, SUITE 4
VALLEY SPRINGS, CALIFORNIA 95252
TEL (209) 772-3013